■ FRED LA ROCCA, Appellant, v. DIESEL CONSTRUCTION CO., INC., Respondent, et al., Defendant.— In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered May 8, 1967, as is in favor of defendant Diesel Construction Co., Inc., upon the trial court's dismissal of the complaint at the end of the entire case at a jury trial of the issue of liability only. Judgment reversed insofar as appealed from, on the law, and severance of action and new trial granted as between plaintiff and said defendant, with costs to abide the event. The jury could have found that, in November, 1960, plaintiff was employed as an apprentice carpenter by a subcontractor at a structure being erected by defendant Diesel Construction Co., Inc. His work involved the making of wooden forms around the sides of steel columns into which concrete was later poured. When he was injured, he was patching a wooden form around an outside column. That column ascended into an upper floor and there, around three sides of the column, a space of about two feet was formed by the ends of wooden planks. Unknown to plaintiff, unscreened welders were employed above that space. Through that space a shower of welding sparks fell, one of which entered plaintiff's right eye. Prior to this occurrence, defendant Diesel had long been repeatedly notified of sparks falling from unscreened welding operations at the structure. In our opinion, the space through which the injurious spark allegedly fell was reasonably required for the proper construction of the iron or steel work (i.e., for the pouring of concrete around the column) and for the raising or lowering of material (i.e., the wooden forms and concrete). (Cf. *Giorlando* v. *Stuyvesant Town Corp.*, 4 A D 2d 701.) Hence, upon the record before us, a claim against defendant Diesel cannot rest on former section 241 (subd. 4) of the Labor Law. However, the evidence concerning the conduct of welding operations at the structure raised a question of fact as to whether defendant Diesel

had failed to provide plaintiff with a safe place to work; therefore, the dismissal of the complaint as to Diesel was error (Labor Law, § 200, former § 241, subd. 6; 12 NYCRR 23.57; see *Caspersen* v. *La Sala Bros.*, 253 N. Y. 491; *Conte* v. *Large Scale Development Corp.*, 10 N Y 2d 20). Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.