Memorandum. We affirm the order of the Appellate Division.
Asserting a claim that petitioner, a former employee, had breached restrictive covenants not to compete in each of three employment contracts containing broad arbitration clauses, respondent sought arbitration. In turn, petitioner commenced a proceeding pursuant to CPLR 7503 to stay arbitration claiming, inter alia, that two of the contracts were void for lack of mutuality of obligation, that the restrictive covenants were in restraint of trade and against public policy and, finally, that the third agreement superseded the previous two.
In each of the contracts, the parties agreed to arbitrate any and all controversies or claims arising therefrom, and we find no merit to the claim of lack of mutuality premised on respondent’s unilateral right either to seek arbitration or to bring an action to enforce the restrictive covenant. By its very nature, such a covenant operates to protect the promisee and does not by itself invalidate an otherwise enforceable agreement. (Matter of Exercycle Corp. [Maratta], 9 NY2d 329, 335.) The cases relied upon by petitioner (Hull Dye & Print Works v Riegel Textile Corp., 37 AD2d 946, and Matter of Kaye Knitting Mills [Prime Yarn Co.], 31 AD2d 951) are distinguishable for in these cases the option to invoke arbitration as to the whole contract was vested in one party whereas here all the obligations and provisions are reciprocal, save the enforcement of the restrictive covenant.
Also lacking in substance is petitioner’s contention, predicated on Matter of Aimcee Wholesale Corp. (Tomar Prods.) (21 NY2d 621), that a stay should be granted because enforcement of the restrictive covenants is in restraint of trade and violative of State and Federal antitrust policy. The issue in Aimcee was "of overriding public policy significance such as to call for judicial intervention dehors the provision of CPLR 7503” *947 (Aetna Life & Cas. Co. v Stekardis, 34 NY2d 182, n 186), which is not the case here. The contention of illegality here is insubstantial since on its face the restrictive covenant does not violate the common-law rules applicable to restraints in employment opportunities or economic competition, and not falling within statutory prohibitions.
Finally, where, as here, there is a broad arbitration provision, the question whether the third contract superseded the first two agreements is a matter for decision by the arbitrators (Matter of Lipman [Haeuser Shellac Co.], 289 NY 76).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.