Memorandum. Order affirmed.
The conclusory allegations contained in the petition and moving papers are insufficient to demonstrate that there is a "substantial question of the existence of a 'valid agreement’ to arbitrate” (Durst v Abrash, 22 AD2d 39, 41, affd on opn below 17 NY2d 445). Specifically, petitioners do not spell out evidentiary facts sufficient to raise a triable issue in support of their claim that they were induced to enter into the partnership agreement or to agree to the arbitration clause contained within it as a result of fraud or duress (8 Weinstein-KornMiller, NY Civ Prac, par 7503.23, p 75-83; see Moseley v Electronic Facilities, 374 US 167; Matter of Housekeeper v *1068 Lourie, 39 AD2d 280, app dsmd 32 NY2d 832). Nor does the agreement, on its face, constitute an unlawful restraint of trade (Matter of Riccardi [Modern Silver Linen Supply Co.], 36 NY2d 945, 947). Hence, the application to stay arbitration was properly denied.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.