Jones, J.
We hold that under the present standard provisions of no-fault insurance assuring a claimant "the option of submitting any dispute involving the insurer’s liability to pay first party benefits” (Insurance Law, § 675, subd 2) to binding arbitration, the question as to whether the policy in question had been canceled prior to the accident is for the arbitrator and not for the courts.
In this case appellant insurer had issued a policy of insurance on the taxicab in which claimant was riding as a passenger at the time of the accident. The accident occurred on December 13, 1974. It is the insurer’s position that the policy had been canceled effective the preceding November 23 and accordingly that there was no coverage when the accident occurred. Claimant demanded arbitration of her claim for damages for personal injuries and the insurer made a timely application for a stay of arbitration. The insurer characterizes *702 the cancellation issue as a question whether there was a valid agreement to arbitrate, thus a threshold question to be resolved by judicial determination (CPLR 7503, subd [b]). We agree with the courts below that arbitration should not be stayed.
If the contention were that a policy of insurance covering the claim had never been issued, a question might be tendered as to whether there was a valid agreement to arbitrate. In the present instance, however, it is not disputed that a policy was initially issued carrying with it the obligation to arbitrate any dispute involving the insurer’s liability to pay first-party benefits. The controversy between the parties is whether that contract had been terminated at the time of the accident.
While the provisions of section 675 of the Insurance Law and the terms of the standard no-fault policy cannot be likened precisely in form to what has come to be known as a "broad arbitration clause”, there can be no doubt that the sweep of the statute and policy provision is at least as encompassing as a broad arbitration clause; indeed it can be argued that the Legislature intended to impose an even more sweeping obligation to arbitrate under no-fault insurance than that under a broad arbitration clause. Under traditional law, where there is a broad arbitration clause, questions as to whether the agreement has been- terminated (as distinguished from those as to whether an agreement had ever been made) have customarily been held to be for the arbitrator. Thus, we have recently held that the issue as to whether the contract containing the arbitration clause has been abandoned was for the arbitrator and not the court (Matter of Macy & Co. [National Sleep Prods.], 39 NY2d 268, 270-271). Similarly, whether the agreement containing the arbitration clause had been superseded by a later agreement between the parties was for the arbitrator (Matter of Riccardi [Modern Silver Linen Supply Co.] 36 NY2d 945, 947). In Matter of Lipman (Haeuser. Shellac Co.) (289 NY 76, 79-80) it was held that whether the contract with the arbitration clause had been canceled should be determined by the arbitrator. "Upon this appeal appellant stresses that the issue of the cancellation of the contract is one which must be determined by the court before it may compel arbitration. A different question would be here if the issue was whether the contract never came into existence * * * But since appellant in the case at bar admits the making of the contract of September 18, 1940, and its failure *703 to proceed to arbitration in accordance with that portion of the contract which provides therefor, sufficient has been shown to make applicable that part of section 1450 of the Civil Practice Act [which authorizes the court to make an order directing the parties to proceed to arbitration].”
In our analysis, once the policy which carries with it the obligation to arbitrate any dispute as to the insurer’s liability has been issued, all questions as to the continuation and scope of coverage are to be resolved in arbitration if the claimant so elects.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.