■ In the Matter of ALLEN HERTZ, Appellant, v MICHAEL J. CODD, as Police Commissioner of the City of New York, Respondent.—Judgment, Supreme Court, New York County, entered on or about November 9, 1978, unanimously affirmed, without costs and without disbursements. The appeal from the order of the Supreme Court, New York County, entered on or about January 16, 1978, dismissed, without costs and without disbursements. No opinion. Concur—Murphy, P. J., Markewich, Silverman, Lynch and Yesawich, JJ.

■ ARTHUR KASTNER, Respondent, v ROYAL VENDING CORP., Appellant. —Judgment, Supreme Court, New York County, entered September 11, 1978, granting an application by the petitioner for a permanent stay of arbitration, unanimously reversed, on the law, and the motion denied and arbitration directed, with $50 costs and disbursements of this appeal to appellant. The petitioner, along with another, guaranteed an agreement between the respondent, a coin-operated vending machine company, and Ego Lounge, Inc., where such equipment was installed. The respondent, contending that there was a breach of the agreement, commenced arbitration pursuant to a clause to that effect in the agreement. The petitioner commenced a special proceeding pursuant to CPLR 7503 (subd [b]) to stay arbitration contending that the agreements involved violated the Federal and State antitrust laws. If this were a well-founded contention, arbitration could properly be stayed for it would be a matter to be determined by a court. (Matter of Aimcee Wholesale Corp. [Tomar Prods.], 21 NY2d 621.) However, the allegations are merely conclusory, and the contention of illegality is insubstantial. (See Matter of Riccardi [Modern Silver Linen Supply Co.], 36 NY2d 945.) It is incumbent upon a party seeking to stay the arbitration to make a prima facie showing that the alleged restraint of trade is unreasonable. (Matter of Schachter [Witte & Co.], 41 NY2d 1067.) This was not done here. Moreover, we are informed by counsel for the petitioner (the respondent on this appeal) that his client does not want to "defend this appeal". Accordingly, arbitration should be directed. Concur— Murphy, P. J., Kupferman, Sandler, Lane and Lynch, JJ.