■ ERNEST J. MICHEL & CO., INC., Respondent, v ANABASIS TRADE, INC., Appellant.—Judgment, denominated an order, Supreme Court, New York County, entered on November 6, 1978, granting the application for stay of arbitration, unanimously reversed, on the law, without costs or disbursements, and the application for a stay denied. This controversy arose out of a business transaction whereby petitioner buyer entered into various oral agreements to purchase yarn from respondent seller. These agreements were confirmed in writing by forms sent to the buyer. Seven transactions were concluded and seven confirmation forms, identical in all respects, were forwarded to the petitioner. Each of these forms contained a broad provision for the arbitration "of any controversy arising out of or relating to this contract". The initial agreement was signed by petitioner and returned. None of the remaining six agreements was signed. On April 4, 1978, petitioner objected to the terms of credit set forth in the second and third agreements, maintaining the parties agreed to 60-day credit terms and not 30 days as indicated in the seller's forms. The respondent concurred in this requested change. No additional objections were subsequently raised. On April 30, 1978, petitioner informed the seller that the goods were nonconforming. Respondent then demanded arbitration pursuant to their contract. The petitioner moved to stay arbitration. Special Term granted the stay, finding that the arbitration clause will not become part of a contract unless both parties explicitly agree to it. *(Matter of Marlene Inds. [Carnac Textiles],* 45 NY2d 327.) The court's reliance on *Marlene* is misplaced. In *Marlene* the seller sent a confirmation notice, which did not include an arbitration provision, to the buyer who replied by forwarding his own form containing an arbitration clause. Thus, the forms were contradictory as to a material term, and the question of arbitration was then in dispute. In the event of a disagreement in forms, arbitration will not be presumed. *Matter of Doughboy Inds. (Pantasote Co.)* (17 AD2d 216) and subdivision (2) of section 2-201 of the Uniform Commercial Code, upon which the *Marlene* decision was premised, envision the situation where an offer is made by one form and an entirely different form is returned indicating acceptance, but containing material differences, resulting in a "battle of forms". This is not the situation confronting us. Here, although seven documents were forwarded to the buyer, no objections were made thereto, other than adjusting the credit terms. This conduct, therefore, implies acceptance of an offer on

the terms and conditions specified in that form as there were no additional alterations (Uniform Commercial Code, § 2-207, subd [3]). There are other indicia of assent. Here, contrary to *Marlene,* the first agreement was signed. Also, the buyer failed to object to the arbitration provision in the only response it did make to the seller. This conduct is sufficient evidence of an agreement to arbitrate (Uniform Commercial Code, § 2-204, subd [1]). In *Matter of Doughboy Inds. (Pantasote Co.) (supra,* p 220) the court held that the *context* of commercial agreements was to "be clear and direct, and must not depend upon implication, inveiglement or subtlety". Here a sufficiently clear agreement to arbitrate was manifested in all contracts and arbitration should now proceed. Concur—Murphy, P. J., Sullivan, Bloom, Lupiano and Ross, JJ.