■ In the Matter of MARCUS BROTHERS TEXTILES, INC., Appellant, v AVONDALE MILLS, INC., Respondent. — Judgment, Supreme Court, New York County, entered on September 7, 1979, reversed, on the law, and on the facts, with costs and with disbursements, and the petition to stay arbitration is granted. Both parties concede ·that arbitration is the appropriate vehicle to resolve their differences. Petitioner-appellant objects to the inclusion in the demand for arbitration of three memoranda sent by respondent seller confirming the signed sales agreement. The facts surrounding the underlying transactions are not in dispute. During the summer of 1978, petitioner purchased from respondent approximately 600,000 yards of fabric through a textile broker. As is the practice in this industry, the broker then forwarded a sales note to each party, which was thereafter duly executed. This agreement contained a broad arbitration provision and specifically provided that the agreement "constitutes the entire contract between the buyer and seller * * * and *no modification* of it shall be effective unless in writing *signed by the parties"* (italics supplied). Subsequent thereto the respondent seller forwarded three sales memoranda, confirming the transactions to petitioner. These confirmation orders, which were never executed by either party, also contained a broad arbitration provision quite similar to the arbitration clause contained in the previously executed brokerage sales agreements. However, these latter orders incorporated certain material changes in the terms and conditions from the original agreements. It is undisputed that the original broker's sales notes, signed by both parties in this action, constitute valid contracts. Accordingly, pursuant to the terms of these contracts, the subsequent unexecuted sales memoranda can have no legal effect since the initial brokerage agreements contained a "no modification" provision and, even if a modification were contemplated, it had to be in writing and signed by these parties. Failure to abide by these conditions rendered invalid the latter orders of confirmation from their inception (Uniform Commercial Code,§ 2-207, subd [2], par [a]). Additionally, Special Term erred when it held that "the unsigned confirmations do not, as a mater of law, materially alter the contracts represented by the three sales notes, since the notes also provided for the arbitration of disputes." It is not the arbitration clause which is in dispute, but rather the material differences set forth in the unsigned sales memoranda. For

example, the signed agreements provide for a yardage variance of not more than 5%, whereas the unsigned confirmations provide for a variance of 10%; the signed contracts provide that latent defects must be claimed within 30 days of discovery, whereas the unsigned agreements provide that claims must be made within 60 days of delivery; the executed agreements provide for consequential damages, whereas the unexecuted agreements absolutely exclude these damages; under the signed contracts, a claim for patent defects could be made within 30 days of discovery or within 60 days of the fabric entering the converting process, whereas under respondent's confirmations the claim for patent defects would be barred unless made within 15 days of delivery. By no stretch of the imagination could these differences be termed anything but material (Uniform Commercial Code, § 2-207, subd [2], par [b]). The effect of these differences alter drastically the terms and conditions of the previously signed agreements between these parties. The subsequent terms sought to be imposed strike at the essence of the contracts; this is a proper subject for judicial resolution and not one for the arbitrators. Respondent's reliance on *Michel & Co. v Anabasis Trade* (72 AD2d 715, affd 50 NY2d 951) is misplaced. In *Michel* the parties assented to a change in the terms of credit on one occasion, thereby demonstrating a mutual acceptance of these changed terms. In the situation before us, that mutuality is lacking, and the attempt by respondent to alter the terms of these contracts was a unilateral undertaking, not sanctioned by the plaintiff-petitioner. Moreover, the terms that were altered in *Michel (supra),* were not substantial, whereas the terms and conditions in respondent's orders of confirmation are material. The parties should now proceed to arbitration as set forth in the executed sales agreement prepared and forwarded by the broker in this matter. Concur — Ross, Markewich, Lupiano and Carro, JJ.

Murphy, P. J., dissents in the following memorandum: The arbitration clause in each sales note did contain a provision that any controversy as to the modification of the sales note would be settled by arbitration. In view of this broad arbitration provision, the question of whether the memoranda modified or superseded the sales notes is a matter to be resolved at arbitration. *(Matter of Riccardi [Modern Silver Linen Supply Co.],* 36 NY2d 945, 947.) Thus, it is improper for this court to pass upon the question of whether memoranda represent valid contracts between parties. The parties should proceed to arbitration upon the demand in its present form. The arbitrators, of course, are free either to accept or reject the memoranda as binding contracts. For the reason stated, the judgment should be affirmed.