**1184**

WILLIS FLOORING, INC., a/k/a Willis Flooring Company, Appellant,

v.

HOWARD S. LEASE CONSTRUCTION CO. & ASSOCIATES, Appellee.

No. 6736.

Supreme Court of Alaska.

Jan. 7, 1983.

Betty L. Johnson, Wade, Ditus & Hammond, Anchorage, for appellant.

Kenneth R. Atkinson, Atkinson, Conway, Bell & Gagnon, Anchorage, for appellee.

OPINION

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and CRANSTON,* Superior Court Judge.

MATTHEWS, Justice.

Willis Flooring, Inc. subcontracted to install a floor for Howard S. Lease Construction Co. & Associates, a partnership. One provision of the subcontract dated July 18, 1978, states in part:

> Contractor, at its sole option, shall have the right to require Subcontractor to arbitrate any and all claims, disputes, and other matters in question between the Contractor and the Subcontractor arising out of or related to the Subcontract or the breach thereof. Subcontractor agrees that, upon the written demand of Contractor based on a contention of a duty of Subcontractor to indemnify Contractor, it will become a party to any arbitration proceeding involving Contractor, and any third party.

A dispute arose, arbitrable under this clause. Lease demanded arbitration. Willis objected that the arbitration clause was not binding, on three separate grounds: first, that the July 18 subcontract was terminated and a novation occurred on October 25, 1979; second, that the arbitration clause in the July 18 subcontract was not binding because it was not executed by all the partners;[1] and third, that the arbitration clause was invalid because it was unilateral. The arbitrators decided the arbitration agreement was binding and a hearing was held. Willis appeared and participated at an arbitration hearing, under protest. Lease was awarded $41,500 by the arbitrators, and brought a complaint in superior court to confirm the award. *See* AS 09.43.110. The award was confirmed on Lease's motion for summary judgment and Willis appeals.

---

\* Cranston, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

1. *See* AS 32.05.040(c)(5).

The sole issue presented is whether the arbitration provision is unenforceable for lack of mutuality.[2]

Willis suggests that the clause in suit is not "a provision in a written contract to submit to arbitration a subsequent controversy between the parties."[3] It contends that the unilateral option to arbitrate is unenforceable because it lacks mutuality, citing a line of authority to that effect from New York.[4] Willis adds that it is inequitable to coerce a party to arbitrate.

The option to arbitrate is a provision in a written contract to submit a controversy to arbitration. It is thus literally within the meaning of AS 09.43.010 which states that such a provision is valid.

■ Further, the objection that the option lacks mutuality is without merit.[5] As one clause in a larger contract, the option clause is binding to the same extent that the contract as a whole is binding. Consideration for the option clause was included in the consideration for the entire transaction, just as consideration for every other clause was included.[6] This was a unitary, integrated contract, not a series of independent agreements. "If the requirement of consideration is met, there is no additional requirement of . . . (c) 'mutuality of obligation'." Restatement (Second) of Contracts § 79 (1981).[7]

■ We see no unfairness, nor any coercion, inherent in this resolution of the case. The entire controversy relating to the sub-

2. Willis has not briefed the two arguments made in the superior court based on novation and AS 32.05.040(c)(5). Accordingly, they are waived.

3. AS 09.43.010 provides:
   *Arbitration agreements valid; application of chapter.* A written agreement to submit an existing controversy to arbitration or a provision in a written contract to submit to arbitration a subsequent controversy between the parties is valid, enforceable and irrevocable, except upon grounds which exist at law or in equity for the revocation of a contract. However, this chapter does not apply to a labor-management contract unless it is incorporated into the contract by reference or its application is provided for by statute.

4. *See, e.g., Miner v. Walden,* 101 Misc.2d 814, 422 N.Y.S.2d 335, 339 (N.Y.Sup.Ct.1979); *Cored Panels, Inc. v. Meinhard Commercial Corp.,* 71 A.D.2d 544, 420 N.Y.S.2d 731 (1979); *Arcata Graphics Corp. v. Silin,* 59 A.D.2d 1007, 399 N.Y.S.2d 738, 738–39 (1977); *Hull Dye & Print Works, Inc. v. Riegel Textile Corp.,* 37 A.D.2d 946, 325 N.Y.S.2d 782, 783 (1971).

5. The New York cases cited by Willis are unique to that state, and there is higher authority from that jurisdiction which allows a unilateral option to arbitrate a narrow contractual issue where the other obligations of the contract are reciprocal. *Riccardi v. Modern Silver Linen Supply Co.,* 36 N.Y.2d 945, 373 N.Y.S.2d 551, 335 N.E.2d 856 (N.Y.1975). In *Becker Auto-radio U.S.A., Inc. v. Becker Autoradiowerk GmbH,* 585 F.2d 39, 47 n. 15 (3d Cir.1978) the court rejected as a matter of federal law the reasoning of the New York cases on which Willis relies.

6. In the cases where the option agreement is merely a subsidiary part of a larger transaction, as where a lessee is by the terms of the leasing contract given an option to buy or to renew the lease, the consideration for the option is seldom a definitely determinable portion of what the option holder gives to the other party. It is not at all necessary for the parties to agree upon such a division of the total consideration given by the option holder; it is not necessary for either the parties or the court to make a separate valuation of the option in order that it should be enforceable.
   1A A. Corbin, Corbin on Contracts § 263, at 505–06.

7. The word "mutuality," though often used in connection with the law of Contracts, has no definite meaning. "Mutual assent" as one element of a bargain is the subject of Topic 2 of this Chapter. "Mutuality of remedy" is dealt with in Comment c to § 363. Clause (c) of this Section negates any supposed requirement of "mutuality of obligation." Such a requirement has sometimes been asserted in the form, "Both parties must be bound or neither is bound." That statement is obviously erroneous as applied to an exchange of promise for performance; it is equally inapplicable to contracts governed by §§ 82–94 and to contracts enforceable by virtue of their formal characteristics under § 6. Even in the ordinary case of the exchange of promise for promise, § 78 makes it clear that voidable and unenforceable promises may be consideration. The only requirement of "mutuality of obligation" even in cases of mutual promises is that stated in §§ 76–77.
   Restatement (Second) of Contracts § 79 comment f (1981).

contract between the parties was submitted to arbitration. Arbitration is not so clearly more or less fair than litigation that it is unconscionable to give one party the right of forum selection. The bargain that Willis voluntarily entered into is enforceable.

AFFIRMED.