**STENDIG INTERNATIONAL, INC., Plaintiff,**

v.

**B. & B. ITALIA, S.p.A., Defendant.**

**No. 86 Civ. 421(RO).**

United States District Court, S.D. New York.

April 8, 1986.

Parker Chapin Flattau & Klimpl, New York City, for plaintiff.

Stroock & Stroock & Lavan, New York City, Patton, Boggs & Blow, Washington, D.C., for defendant.

OWEN, District Judge.

This action to compel arbitration is before me on cross motions for partial summary judgment and various motions for orders either enforcing or restraining arbitration.

Plaintiff Stendig International, Inc. markets furniture throughout the United States. Until recently, 30% of its business was the distribution of furniture made by defendant B & B Italia, S.p.A., an Italian multinational, for which it held an exclusive United States distributorship. Defendant recently declined to renew that distributorship.

Plaintiff does not now contend that the non-renewal of its distributorship was improper under the distribution agreements between the parties. However, plaintiff does claim that under a non-competition clause embodied in a stockholders agreement between Stendig, its 70% shareholder and president, and B & B, which owns the remaining 30% of Stendig, it is entitled to entirely restrain defendant from distributing in the United States, unless plaintiff is the distributor. Defendant claims that the agreement, which appears to prevent defendant from entering the United States

---

market until the year 2050, violates federal antitrust law. This claim is not substantively before me.

Rather, plaintiff, perceiving defendant's announced intention to begin distributing its furniture in the U.S. as a breach of the stockholders' agreement, now moves to compel arbitration under the broad arbitration clause therein and for a preliminary injunction restraining defendant from competing pending arbitration. Defendant claims that arbitration would be inappropriate since important questions of antitrust law are necessarily involved and by cross motion seeks to enjoin the arbitration. Secondarily, therefore, plaintiff requests that if I deny arbitration, I also enjoin another arbitration pending between the parties until after the resolution of this action.

■ The law in the Second Circuit is that the right to a judicial determination of antitrust claims may not be waived contractually, and arbitration clauses purporting to require arbitration of anti-trust claims are not enforceable. *American Safety v. J.P.*

*Maguire*, 391 F.2d 821 (2d Cir.1968). The recent Supreme Court case of *Mitsubishi v. Solar*, —— U.S. ——, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), although not directly on point[1], questions the Second Circuit reasoning in *American Safety*. However, it does not overrule it; *American Safety* is therefore binding on this court.

■ The only question then, is whether a litigable antitrust claim is pled here.[2] Without expressing any judgment as to the merits, total exclusion of defendant and defendant's products from the entire United States until 2050 clearly raises such a claim. *See e.g. Continental T.V., Inc. v. GTE Sylvania Inc.*, 433 U.S. 36, 97 S.Ct. 2549, 53 L.Ed.2d 568 (1977); *Polk Bros. v. Forest City Enterprises Inc.*, 776 F.2d 185 (7th Cir.1985). Under *American Safety*, then, the arbitration clause is invalid.

Accordingly, defendant's motion to enjoin arbitration is granted, and plaintiff's motions to stay pending arbitration and for a preliminary injunction pending arbitration are denied as moot.[3] No reason ap-

---

**1.** *Mitsubishi* is explicitly limited to an international context involving multinational agreements calling for international arbitration. In that context, the Court held, considerations of international comity require special deference to the expressed desire of the parties to avoid the unpredictability that might result from international forum shopping. Here, however, no such special considerations apply: The agreement at issue was executed in New York and concerns only United States distribution. The only international component in what is otherwise a routine New York agreement is the citizenship of one of the parties. Thus, the Second Circuit's reasoning that in the antitrust area, public policy requires public judicial elucidation of these important public law norms and that it is inappropriate to rely on market mechanisms to determine the forum for adjudication of statutes designed to remedy market failures, clearly applies.

**2.** Plaintiff cites *Sprinzen v. Nomberg*, 46 N.Y.2d 623, 415 N.Y.S. 974, 389 N.E.2d 456 (1979) and *Riccardi v. Modern Silver Linen Supply Co.*, 36 N.Y.2d 945, 373 N.Y.S.2d 551, 335 N.E.2d 856 (1975) for the proposition that non-competition provisions are arbitrable. But those cases concern an employee's covenant not to compete with his employer, and are subject to a different set of considerations entirely. Indeed, I note that even under New York law, which does not

apply here, claimed antitrust violations are not arbitrable. *Sprinzen*, 415 N.Y.S.2d at 977, 389 N.E. at 458–59; *Aimcee Wholesale Corp. v. Tomar Products*, 21 N.Y.2d 621, 289 N.Y.S.2d 968, 237 N.E.2d 223 (1968).

**3.** Even had plaintiff clearly moved to enjoin competition pendente lite, which it has not, such a motion probably would have to be denied. Under Fed.R.Civ.P. 65, a preliminary injunction may issue only if—in the first instance—plaintiff can show that in the absence of an injunction it will suffer some irreparable injury, such as total destruction of its business. *See Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197 (2d Cir.1970). Mere loss of business is considered compensable by damages and does not suffice. Here, plaintiff alleges that 30% of its business was related to defendant's products. However, it does not contend that it has any right to continue on as distributor of those products, so I must consider not whether plaintiff can remain in business without the distributorship, but rather only the marginal, incremental difficulty it will have if it not only doesn't have the distributorship but also has the additional competition of B & B selling in the U.S. a product line that plaintiff no longer may sell. This increment seems unlikely to meet the tests set out in *Semmes*, 429 F.2d 1197, and *Roso-lino Beverage Distributors, Inc. v. Coca-Cola Bottling Co.*, 749 F.2d 124 (2d Cir.1984).

pearing to stay the arbitration of stock valuation, that motion is denied. All relief requested in the complaint having been denied, the action is dismissed, without prejudice to repleading within 60 days.

So ordered.