505 So.2d 443 (1986)
MONTGOMERY DISTRIBUTORS, INC., Appellant,
v.
G. HEILEMAN BREWING COMPANY, INC., etc., et al., Appellees.
No. 85-1275.
District Court of Appeal of Florida, Fourth District.
November 26, 1986.
Rehearing Denied May 4, 1987.
Philip M. Burlington of Edna L. Caruso, P.A., and Montgomery, Searcy & Denney, P.A., West Palm Beach, for appellant.
C. Reed Guthridge and Andrew V. Showen of Foley & Lardner, Van Den Berg, Burke, Wilson & Arkin, Orlando, for appellees.
PER CURIAM.
This is a non-final appeal from an order compelling arbitration. We have jurisdiction pursuant to Rule 9.130(a)(3)(C)(v), Florida Rules of Appellate Procedure.
Appellant, Montgomery Distributors (Montgomery) and appellee, Heileman Brewing Company (Heileman) entered into a wholesaler appointment agreement for *444 the distribution of Heileman's malt liquor products. A dispute arose and Montgomery filed a four-count complaint against Heileman and William Thies & Sons, Inc. Counts I and II of Montgomery's complaint alleged causes of action based on breach of contract. Count III alleged a state antitrust action pursuant to section 542.18, Florida Statutes, stating that Thies and Heileman conspired to restrain trade or commerce in the market. Count IV alleged a monopoly action pursuant to section 542.19, Florida Statutes, stating that the appellees attempted to monopolize the wholesale malt liquor distribution market. Counts III and IV asked for treble damages, costs and attorney's fees pursuant to the state antitrust act.
In response to the complaint Heileman filed a motion for an order compelling arbitration relying upon paragraph 10 of the contract:
10.1 All controversies, disputes and claims of whatsoever nature and description between the parties hereto shall be settled by binding arbitration, upon demand of either party, in WHOLESALER'S state in a neutral location and in accordance with the rules of the American Arbitration Association then in effect.
The trial judge granted Heileman's motion and this non-final appeal ensued.
The issue for our resolution is whether the trial court erred in compelling arbitration. We hold that it should not have compelled arbitration of the antitrust claims.
Appellant cites Sabates v. International Medical Centers, Inc., 450 So.2d 514 (Fla. 3d DCA 1984), in support of its contention that the trial court erred when it ordered arbitration of the antitrust claims. In Sabates, the Third District quashed an order referring an antitrust claim to arbitration. The Third District recognized the policy favoring enforcement of agreements to arbitrate but also noted it was not without exceptions. The court followed the abundant federal authority available dealing with the arbitrability vel non of comparable federal antitrust claims.
Under federal law, antitrust claims are held to be not subject to arbitration. See, e.g. Applied Digital Technology, Inc. v. Continental Casualty Co., 576 F.2d 116 (7th Cir.1978); Cobb v. Lewis, 488 F.2d 41 (5th Cir.1974); A. & E. Plastik Pak Co. v. Monsanto Co., 396 F.2d 710 (9th Cir.1968); American Safety Equipment Corp. v. J.P. Maguire & Co., 391 F.2d 821 [2d Cir.1968]; Hunt v. Mobil Oil Corp., 410 F. Supp. 10 (S.D.N.Y. 1975), aff'd, 550 F.2d 68 (2d Cir.), cert. denied, 434 U.S. 984, 98 S.Ct. 608, 54 L.Ed.2d 477 (1977). The oft-cited reasons underlying these uniform holdings are (1) because a wide range of public interests are affected by private antitrust claims, a "claim under the antitrust laws is not merely a private matter," American Safety Equipment, 391 F.2d at 826; (2) the complexity of the issues and extensiveness of the evidence generally involved in antitrust litigation make resolution of these claims more appropriate for the judicial forum, id. at 827; (3) it is unwise to allow commercial arbitrators, "frequently men drawn for their business expertise ... to determine these issues of great public interest," id.; see Applied Digital, 576 F.2d 116; Cobb, 488 F.2d 41, 47; and (4) because arbitrators are not bound by rules of law and need not give reasons for their rulings, there is no way to insure consistency of interpretation of statutory law or application of arbitration awards. Aimcee Wholesale Corp. v. Tomar Products, Inc., 21 N.Y.2d 621, 289 N.Y.S.2d 968, 237 N.E.2d 223 (1968).
450 So.2d at 517.
The court concluded, after giving due consideration and great weight to these federal authorities, particularly the American Safety decision (see quote above), that antitrust claims under the Florida statute are not a proper subject for arbitration but should be judicially determined instead.
We agree with the Third District that the policy favoring arbitration should give way to the policy that antitrust claims are better suited to be heard in the courts. We do not believe that there has been a shift from this policy despite recent U.S. Supreme Court cases dealing with the arbitrability *445 of state securities claims and antitrust claims in international commercial agreements. In Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), the Supreme Court reaffirmed the importance of public policy favoring arbitration and ruled that claims under a state securities act, which were formerly nonarbitrable, are now subject to arbitration. See also Oppenheimer & Co. v. Young, 434 So.2d 369 (Fla. 3d DCA 1983), affirmed, 456 So.2d 1175 (Fla. 1984), vacated, 470 U.S. 1078, 105 S.Ct. 1830, 85 L.Ed.2d 131 (1985). In Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 105 S.Ct. 3346, 3355, 87 L.Ed.2d 444 (1985), the Supreme Court allowed arbitration of antitrust claims in an international case but expressly recognized the viability of the American Safety doctrine in domestic cases:
We find it unnecessary to assess the legitimacy of the American Safety doctrine as applied to agreements to arbitrate arising from domestic transactions. As in Scherk v. Alberto-Culver Co., 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974), we conclude that concerns of international comity, respect for the capacities of foreign and transnational tribunals, and sensitivity to the need of the international commercial system for predictability in the resolution of disputes require that we enforce the parties' agreement, even assuming that a contrary result would be forthcoming in a domestic context.
105 S.Ct. at 3355. See also Stendig International, Inc. v. B. & B. Italia, S.p.A., 633 F. Supp. 27 (S.D.N.Y. 1986) (wherein the federal district court noted the continued viability of the American Safety decision after Mitsubishi Motors, and enjoined arbitration of antitrust claims).
We are satisfied that antitrust claims in domestic contract actions are not subject to arbitration, and that the conclusion reached in Sabates should be followed in this case. Accordingly, we reverse and quash that part of the trial court's order that compelled arbitration of Counts III and IV of Montgomery's complaint.
We have considered appellant's additional argument that in the event of a partial reversal we should stay arbitration of Counts I and II pending trial on Counts III and IV. Appellant relies upon the permeation doctrine for this argument. Under the permeation doctrine a court should stay arbitration of contract claims if the antitrust and contract issues are so factually intertwined that an arbitrator would have difficulty resolving the arbitrable issues without determining the antitrust issues and if the antitrust charges appear to have a reasonable chance of success. Lake Communications, Inc. v. I.C.C. Corp., 738 F.2d 1473 (9th Cir.1984); Applied Digital Technology, Inc. v. Continental Casualty Company, 576 F.2d 116 (7th Cir.1978); Big Apple Cookie Co. v. Springwater Cookie Co., 517 F. Supp. 367 (S.D.Ohio 1981). Upon careful review of the complaint, we do not find that the antitrust issues have so permeated the contract claims so as to make severance inadvisable. Therefore, we instruct the trial court to sever Counts I and II and allow arbitration of the contract claims to proceed simultaneously with the trial of the antitrust claims.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
HERSEY, C.J., and ANSTEAD and DELL, JJ., concur.