PATTERSON, Acting Chief Judge.
This litigation arises from Daniel Pesut’s termination as a securities broker/dealer by Prudential Securities Incorporated (PSI). Pesut appeals from a nonfinal order which compels arbitration of count I of his fifth amended complaint and stays litigation of count V pending resolution of the remaining counts by arbitration. Appellees PSI, Williams Sanders, and James A. Capezzuto cross-appeal the trial court’s refusal to compel arbitration of count V. We affirm in part and reverse in part.
In regard to Pesut’s appeal, we agree with his argument that PSI, Sanders, and Capez-zuto waived their right to compel arbitration of count I by answering, seeking discovery, and moving for summary judgment as to that count. In fact, PSI and Capezzuto had likewise answered count I of the fourth amended complaint which was essentially identical to count I in the fifth amended complaint. Such acts are inconsistent with a subsequent demand to arbitrate and constitute a waiver of that right. See O’Flarity v. Trend Star Dev., Inc., 689 So.2d 1297 (Fla. 4th DCA 1997). Thus, we reverse the order compelling arbitration of count I.
As to the issue on cross-appeal, count V asserts an antitrust claim, which is not subject to arbitration. See Montgomery Distribs., Inc. v. G. Heileman Brewing Co., 505 So.2d 443 (Fla. 4th DCA 1986); Sabates v. International Med. Ctrs., Inc., 450 So.2d 514 (Fla. 3d DCA 1984). Accordingly, we affirm *834 the trial court’s refusal to compel arbitration of that count.
As count I may proceed to trial on the merits, we can find no basis for the stay of proceedings on count V. Therefore, we reverse that portion of the trial court’s order.
Affirmed in part, reversed in part.
ALTENBERND and CASANUEVA, JJ, Concur.