■ In the Matter of the Arbitration between REGEANT OF SHELBY, INC., Respondent, and LEUMAS KNITTING MILLS, INC., Appellant.—Judgment, Supreme Court, New York County, entered November 24, 1975, which directed a permanent stay of arbitration, unanimously affirmed. Petitioner-respondent shall recover of respondent-appellant $40 costs and disbursements of this appeal. Romac Industries, a yarn broker, arranged for Leumas Knitting Mills, Inc., to purchase polyester yarn from Regeant of Shelby, Inc. The purchase order from Leumas to Romac contained on its face an arbitration clause which, in pertinent part, stated: "Any controversy arising out of or related to this contract or any modification thereof, or any alleged breach thereof, shall be submitted to arbitration to the American Arbitra-

tion Association in accordance with the rules of said Association then in force and effect * * * Notwithstanding the foregoing arbitration clause, Purchaser may, at its option, commence a lawsuit in any court having jurisdiction of the parties, to collect any damages allegedly sustained by Purchaser, and any arbitration proceeding commenced by the Seller shall be automatically stayed." A handwritten notation on the face of the purchase order provided that: "2000 lbs to be shipped—12/11 10000 lbs to be [shipped] week of 12/10 when shipping instructions are supplied. If above 2 samples are satisfactry [sic], than [sic] 15,000 lbs a week for 13 weeks." Leumas received 7,271 pounds of yarn in two separate shipments from Regeant. Regeant was only paid for the first shipment. The complete order was never filled. Leumas never indicated whether or not the shipments were satisfactory. In March, 1974 Leumas initiated an arbitration proceeding pursuant to the arbitration clause contained in its purchase order. Regeant moved at Special Term to stay arbitration. The stay was granted pending trial of the issue of whether a binding agreement to arbitrate the controversy existed. After the trial, the court found that there was no such binding agreement. We concur. A copy of the purchase order was not received by Regeant and, furthermore, Regeant was never made aware of the arbitration clause contained in it. There is no proof that anything more than the "sample" shipments were made to Leumas or that any other shipments were required to be made absent a statement by Leumas that the samples were satisfactory. The court will not bind a party to arbitrate disputes if that party has not clearly contracted to do so (Matter of American Silk Mills [Meinhard-Commercial Corp.], 35 AD2d 197, 200). In any event, in the case at bar the arbitration clause was not mutually binding but, rather, a grant to Leumas of a unilateral right to arbitrate (Hull Dye & Print Works v Riegel Textile Corp., 37 AD2d 946) and therefore arbitration was properly stayed. Concur —Stevens, P. J., Murphy, Lupiano, Lane and Yesawich, JJ.