■ In the Matter of the Arbitration between ROBERT E. WALDRON, Appellant, and LYNN B. GODDESS, Respondent. — Order and judgment, Supreme Court, New York County (Blyn, J.), entered October 14, 1982, denying the petition to stay arbitration, dismissing the proceeding and granting the cross motion to compel the parties to proceed to arbitration before the American Arbitration Association, affirmed, without costs, for the reasons stated by Justice Blyn at Special Term. In addition, we make the following observations. The operative facts, fairly set forth in the dissent, reflect that both parties, real estate brokers employed by Cross & Brown, had agreed to submit to binding arbitration any dispute concerning the entitlement of the parties to a brokerage commission except that Goddess' contract had expired. The employment agreements contain substantially similar provisions dealing with arbitration of disputes and direct that any dispute as to commissions is to be submitted to arbitration, either through an internal panel before three senior officers of Cross & Brown, provided both parties agreed to the resolution of the dispute by that internal mechanism or, if they fail to so agree, before the American

Arbitration Association (AAA). The clear intention is that any dispute regarding commissions between the company and any employee or between employees be settled by arbitration. Here, Goddess demanded arbitration before the AAA under the terms of the separate employment agreements which both she and Waldron had entered into with their employer. The dissent relies, in large part, upon the circumstance that Goddess' employment contract expired on December 28, 1979, well before the dispute between the parties arose. From this, our dissenting colleagues conclude that since Goddess was not then subject to a written employment agreement providing for arbitration of disputes, Waldron could not compel her to proceed to arbitration. Accordingly, they conclude since there is no mutuality of obligation, Goddess may not seek arbitration. However, the dissent overlooks the analysis of Special Term, with which we are in agreement, that despite Goddess' status as an employee at will during the period subsequent to expiration of her written agreement, the parties continued to abide by the principal terms and conditions of employment contained in the prior agreement with respect to, *inter alia,* compensation, commission rates and draw. Undisputed is the assertion by Goddess that "both Cross & Brown and I have continued to abide by the terms and conditions of my contract and consider all of the provisions of my contract to have been extended and to be in full force and effect." Thus, although she was an employee at will, the terms of employment, including the provision with respect to arbitration, continued beyond the expiration of the written agreement. The fact that, in 1980, subsequent to expiration of the written agreement, Goddess rejected her employer's offer of a new written contract is not dispositive. The rejected agreement did provide for arbitration of disputes but, in lieu of arbitration before the AAA, it provided for arbitration before the Real Estate Board of New York, Inc. It does not appear whether this change in the arbitration forum was one of the factors which might have influenced Goddess in electing not to sign the new contract. Nor does it have any significance since the parties continued, in all material respects, to abide by the terms of the prior agreement after its stated expiration. We also disagree with the conclusion of the dissent that the parties may not be compelled to proceed to arbitration because of any lack of mutuality of obligation. To the contrary, the enforceability of an agreement is dependent upon the existence of consideration, not mutuality of obligation. On this basis, an agreement is unenforceable only where want of mutuality would leave a party without valid or available consideration to support his promise (*Matter of Riccardi [Modern Silver Linen Supply Co.]*, 45 AD2d 191, affd 36 NY2d 945; *Aegis Prop. Servs. Corp. v Mihalski*, 91 AD2d 577 [affd for reasons stated by Myers, J., at Special Term]; 1A Corbin, Contracts, § 152). In *Aegis Prop. Servs. Corp. (supra)*, decided December 23, 1982, we dealt with this subject of mutuality and sustained an arbitration clause which gave only one party the right to demand arbitration, holding that what was crucial to the validity of the agreement was the existence of consideration, not mutuality of obligation. In that case, respondent was employed by petitioner as a real estate salesman under an agreement for compensation by commission. The agreement provided that in the event that the salesman did not accept the division of commission, as determined by Aegis, he had the right to arbitrate. In seeking to stay arbitration, Aegis argued the unenforceability of the arbitration clause based upon lack of mutuality. This was rejected by Special Term, finding the defense of lack of mutuality inapplicable and observing "[i]t would not have made any sense for Aegis to have also given itself the right to submit to arbitration a determination as to division of commissions which it had itself made." Concluding that there was consideration to support the agreement, the court

denied the petition and directed the parties to proceed to arbitration. We affirmed. Similarly, here, not only is there adequate consideration to support the agreement by Waldron to submit to arbitration but his agreement in *haec verba* provides that the arbitration procedure "shall also apply in the event that any such dispute or difference may involve an employee or employees of the CORPORATION in addition to the EMPLOYEE *whether or not such other employee or employees submit to arbitration.*" (Emphasis added.) Clearly, what the parties contemplated was a situation where one of two employees sought to resolve a dispute as to commissions by resort to arbitration, albeit the other employee might not have expressly agreed to that procedure. The employer's interest, explicitly manifested, was to avoid litigation, whenever possible, and to confer some benefit upon itself and such other employees "whether or not such other employee or employees submit to arbitration." Therefore, it may not be concluded that an employee in the position of Goddess was only an incidental beneficiary. The position of the dissent requiring mutuality, overlooks the fact that the extension of the terms and conditions of Goddess' agreement, including the arbitration clause, beyond the stated expiration, creates the mutuality which the dissent finds lacking. The employment at will on the same terms and conditions as existed under the prior written agreement, extended the provisions of the expired agreement, including the clause providing for arbitration of disputes (see *Matter of Acadia Co. [Edlitz]*, 7 NY2d 348). Concur — Silverman, Fein and Kassal, JJ.

Sullivan, J. P., and Ross, J., dissent in a memorandum by Sullivan, J. P., as follows: This is an appeal from a dismissal of a petition to stay arbitration sought on the ground of lack of an agreement to arbitrate. The underlying dispute between petitioner Robert Waldron and respondent Lynn Goddess, both of whom are real estate brokers employed by Cross & Brown Company, concerns the right to a brokerage commission earned in connection with a lease negotiated through Cross & Brown. Each claims entitlement to the real estate broker's share of the commission. Both Waldron and Goddess had written employment contracts with Cross & Brown. Goddess' contract contained the following arbitration clause: "The employee agrees that in the event of an irreconcilable commission dispute, or other dispute between himself and another employee(s), to have such dispute arbitrated and settled by one of the following two bodies: (a) the American Arbitration Association in the Borough of Manhattan, or (b) an impartial panel of three of the employer's senior officers, whose membership shall be determined by the disputants. If accord cannot be reached as to the method of arbitration, then selection will default to the American Arbitration Association." Waldron's contract contained a somewhat similar provision. While Waldron's employment contract was in effect at all relevant times, Goddess' contract expired on December 28, 1979, and in 1980 she rejected Cross & Brown's offer of a new written contract. The commission dispute between Goddess and Waldron did not arise until at the earliest April, 1981, approximately 15 months after the expiration of Goddess' employment contract. When Goddess served a demand for arbitration before the American Arbitration Association Waldron commenced this proceeding. In dismissing the petition and granting Goddess' cross motion to compel arbitration, Special Term found that Waldron and Goddess had agreed in separate contracts of employment to arbitrate commission disputes with other real estate brokers employed by Cross & Brown. To reach this determination Special Term ruled that although Goddess' contract contained an expiration date of December 28, 1979, both Goddess and Cross & Brown had, by their conduct, extended her contract so that it, along with the arbitration clause contained therein, was in effect both at the time the underlying dispute arose

and when Goddess demanded arbitration. We cannot agree. In our view Goddess may not compel arbitration either as a party to, or beneficiary of, any arbitration agreement with Cross & Brown. Accordingly, we would reverse and grant the petition to stay arbitration. The rule is well settled that "[in commercial matters] parties will not be held to have chosen arbitration as the forum for the resolution of their disputes in the absence of an express, unequivocal agreement to that effect; absent such an explicit commitment neither party may be compelled to arbitrate". (*Matter of Acting Supt. of Schools of Liverpool Cent. School Dist.* [*United Liverpool Faculty Assn.*], 42 NY2d 509, 512.) It hardly needs repeating that arbitration "may not be invoked by one who is not a party to the agreement and does not otherwise possess the right to compel arbitration". (*Moruzzi v Dynamics Corp. of Amer.*, 443 F Supp 332, 334.) Goddess contends, and Special Term found that, notwithstanding the expiration of her employment contract long before the dispute arose, all of the terms and conditions of the expired contract, including the arbitration clause, were impliedly extended by Cross & Brown simply because Goddess continued to render services to Cross & Brown, Cross & Brown continued to pay her, and Cross & Brown later elected her a senior vice-president. This argument ignores significant portions of the record which not only dispel Special Term's finding but point to a different conclusion. In 1980, as already noted, Cross & Brown offered Goddess a new employment contract, which she refused to sign and which differed from the expired contract. Specifically, the arbitration clause in the expired contract had provided for arbitration through the American Arbitration Association or "an impartial panel of three of the employer's senior officers". By contrast the arbitration clause in the rejected contract provided for arbitration only through a committee of the Real Estate Board of New York. No one disputes the proposition that a contract implied in fact is as binding as a written one. (See *Jemzura v Jemzura*, 36 NY2d 496, 504.) But unless a party has spoken or conducted himself in such manner that his assent may fairly be inferred, a contract cannot be implied in fact since there has been no meeting of the minds. (See *Miller v Schloss*, 218 NY 400.) As the Court of Appeals has noted: "A contract cannot be implied *in fact* where the facts are inconsistent with its existence; or against the declaration of the party to be charged; or where there is an express contract covering the subject-matter involved; or against the intention or understanding of the parties; or where an express promise would be contrary to law. The assent of the person to be charged is necessary and unless he has conducted himself in such a manner that his assent may fairly be inferred he has not contracted." (*Miller v Schloss*, 218 NY, at pp 406-407, *supra*; see *Grombach Prods. v Waring*, 293 NY 609.) By its tender of a new and different written contract Cross & Brown tellingly signified the withholding of its consent — which might otherwise be presumed (see, e.g., *Douglass v Merchants' Ins. Co. of N. Y.*, 118 NY 484) — to a carryover of all the terms of the contract that expired on December 28, 1979. Mere continued employment, even coupled with a promotion, does not necessarily imply the extension of all the terms of an employment contract that has expired. Certainly, Goddess continued to work for Cross & Brown, and probably on terms strongly similar to the previous contract. But at the time this dispute arose she was not working under a contract containing an agreement to arbitrate. Undoubtedly, she could resist a demand to arbitrate a dispute with her employer or another employee on the ground that she had refused to sign a contract with an arbitration provision. For all that appears, Goddess may have rejected the proposed new contract precisely because she did not want to obligate herself to arbitrate. An arbitration clause is, of course, separable from the contract in

which it is contained. (*Matter of Weinrott [Carp]*, 32 NY2d 190, 198.) Moreover, "[A]n agreement to arbitrate must be clear and direct, and must not depend upon implication" (*Matter of Doughboy Inds. [Pantasote Co.]*, 17 AD2d 216, 220). Under such circumstances the finding that all the terms of the expired contract, including the provision for arbitration, were extended is without factual support. We also cannot accept Goddess' contention that Waldron's arbitration agreement with Cross & Brown inures to her benefit. That agreement provides as follows: "It is expressly understood and agreed by and between the CORPORATION and the EMPLOYEE that any dispute or difference in respect to any matter covered by any of the terms, provisions or conditions of this Agreement or in respect to any of the affairs or relations of the respective parties hereto shall be finally settled by submitting the same promptly to arbitration upon the request of either party hereto before the American Arbitration Association in the Borough of Manhattan, City of New York. The provisions of this paragraph numbered ELEVENTH shall also apply in the event that any such dispute or difference may involve an employee or employees of the CORPORATION in addition to the EMPLOYEE whether or not such other employee or employees submit to arbitration. And it is further expressly understood and agreed by and between the parties hereto that any dispute or difference between the EMPLOYEE and any other employee or employees of the CORPORATION shall, if all of the parties to such dispute or difference agree in writing, be settled by submitting the same promptly to arbitration in pursuance of the arbitration procedure adopted by the CORPORATION and on file with the Secretary of the CORPORATION, such arbitration procedure being open for inspection at all times by any of the parties so affected. In the event that the parties do not promptly agree in such latter case to arbitration in pursuance of the procedure of the CORPORATION (and delay in so agreeing for a period in excess of ten days shall be deemed to be equivalent to failure to agree), then such dispute or difference shall forthwith be submitted to the American Arbitration Association in the Borough of Manhattan, City of New York, for final determination by either party to this Agreement." Thus Waldron's agreement with Cross & Brown contains two separate arbitration provisions. The first requires that any dispute between Cross & Brown and Waldron be arbitrated before the American Arbitration Association, regardless of whether the dispute involves another employee who has not agreed to arbitrate. The second provision then requires that any dispute between employees be arbitrated internally, if the parties agree in writing, and, if they do not, before the American Arbitration Association. Clearly, the first provision has nothing to do with a dispute between employees, and is designed only to assure that Cross & Brown can arbitrate with a contracting employee, even if another employee involved in the dispute did not agree to arbitrate. Noteworthy is the language, "whether or not such employee or employees submit to arbitration." The agreement thus contemplates situations where certain Cross & Brown employees are not required to submit to arbitration, precisely the situation here. The second provision, through which Goddess claims the right to enforce arbitration, cannot bind Waldron to arbitrate with Goddess, since she is not bound to arbitrate with him. When "mutuality of the right of invocation of arbitration is not * * * present" a party cannot compel another to arbitrate. (*Matter of Kaye Knitting Mills [Prime Yarn Co.]*, 37 AD2d 951; see, also, *Hull Dye & Print Works v Riegel Textile Corp.*, 37 AD2d 946.) This court's holding in *Matter of Riccardi (Modern Silver Linen Supply Co.)* (45 AD2d 191, affd 36 NY2d 945) is not to the contrary. There, the parties agreed to arbitrate any and all controversies or claims arising out of employment contracts which also contained restrictive covenants not to compete. The employer, however, was given

the unilateral right either to seek arbitration or to bring an action to enforce the restrictive covenant. Distinguishing those cases where the option to invoke arbitration as to the whole contract is vested in one party, both this court and the Court of Appeals found that, save for the limited issue of enforcement of the restrictive covenant, the parties were mutually and fully obligated to arbitrate with each other. Here, however, there is no reciprocity of any obligation between Goddess and Waldron under his arbitration agreement. *Aegis Prop. Servs. Corp. v Mihalski* (91 AD2d 577), cited by the majority, is equally unavailing, inasmuch as it concerns the peculiar situation where only one party, the employee, could ever be aggrieved by the determination for the review of which arbitration was provided. Since the employer unilaterally fixed the division of commission, he would have no occasion to challenge his own determination. The employee, on the other hand, was afforded the opportunity to make claim against the employer for additional commissions in arbitration. Thus, the consideration for the employee's unilateral right to demand arbitration was the employee's unilateral right to fix the division of commission. No such mutuality of obligation exists in this case, since Goddess has refused to bind herself to a proffered contract calling for arbitration. Nor, under well-established principles of contract law, may Goddess claim third-party beneficiary status under Waldron's contract with Cross & Brown. In order to establish rights as a third-party beneficiary, a party must demonstrate that he is among the members of the class intended to reap the benefit of the contract. (*Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 655; *Beveridge v New York El. R. R. Co.,* 112 NY 1, 26.) The clause in Waldron's contract calling for arbitration of any dispute between him and another Cross & Brown employee provides that, in the absence of written agreement between the disputants to internal arbitration, obviously not the case here, the dispute "shall forthwith be submitted to the American Arbitration Association * * * by either party to this Agreement." Since an employee at will such as Goddess is an "employee", but not a "party to this agreement", he or she cannot, by the very terms of the clause upon which Goddess relies, compel arbitration. Having been expressly denied the right to compel arbitration, such employee can hardly be a member of a class that the clause was intended to benefit. Absent a manifest intent that the third party benefit, he is merely "an incidental beneficiary with no right to enforce the particular contract" (*Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d, *supra,* at p 655). The only third-party beneficiary of Waldron's agreement to arbitrate is another Cross & Brown employee who, having a contract and being a "party to this agreement", has similarly obligated himself to arbitrate. Accordingly, the judgment should be reversed, the petition to stay arbitration granted, and the cross motion to compel arbitration denied.