■ THOMAS SABLOSKY, Appellant, v EDWARD S. GORDON COMPANY, INC., Respondent.—Order of the Supreme Court, New York County (Ethel B. Danzig, J.), entered on December 18, 1987, which granted defendant's motion to compel arbitration and denied plaintiff's cross motion to stay arbitration, is unanimously reversed on the law, defendant's motion to compel arbitration is denied and plaintiff's cross motion to stay arbitration granted, with costs and disbursements.

In April of 1984, plaintiff, a real estate salesman, was employed by defendant Edward S. Gordon Company, Inc., a licensed real estate brokerage firm, pursuant to a written contract that provided that plaintiff be paid a specified percentage commission in connection with transactions in which he was involved. In addition, the agreement contained the following arbitration clause: "ARBITRATION: Employee agrees that, any dispute of any kind, nature or description, between the parties hereto with respect to, relating to or arising out of the provisions of the Agreement, shall at the Company's election, which election may be made at any time prior to the commencement of a judicial proceeding by the Company, or in the event instituted by Employee at any time prior to the last day to answer and/or respond to a summons and/or complaint made by Employee, be submitted to arbitration before the American Arbitration Association or the Real Estate Board of New York, Inc. (at the Company's election) in accordance with the rules then pertaining of the American Arbitration Association or the Real Estate Board of New York, Inc. Any such arbitration shall be held in the City of New York and judgment upon any award may be entered in any court having jurisdiction thereof. Employee agrees that the cost of arbitration is to be paid by the unsuccessful party."

Although the contract was terminated in October of 1985 by mutual agreement of the parties, plaintiff remained in the employ of defendant as a salaried employee until January of 1987, when he was discharged for inadequacy of performance. The instant action was subsequently commenced. In his com-

plaint, plaintiff alleges that he is entitled to the sum of $3,600,000 as a commission due him with respect to the sale of a building, and he also seeks that same amount on a quantum meruit theory. Defendant thereafter served plaintiff with a demand for arbitration and moved under CPLR 7503 to stay the action and compel arbitration. In response, plaintiff cross-moved to stay arbitration.

It appears that notwithstanding plaintiff's transfer to salaried status, he has brought suit under the 1984 agreement because paragraph 9 (a) thereof stated that "[e]ither party may terminate this Agreement by giving one day written notice to the other party", and evidently no such written notice was ever given. However, regardless of whether or not the employment agreement was validly canceled, there is merit to plaintiff's contention that the arbitration clause is unenforceable on the ground of lack of mutuality of obligation. According to the terms of the provision in question, defendant brokerage firm is not required to arbitrate but may elect to do so, or, in the alternative, it may institute litigation. While plaintiff may also commence a judicial action, defendant has the option of aborting the lawsuit by invoking arbitration. Thus, only defendant is accorded the right to compel arbitration. An arbitration clause which is not mutually binding, but grants to one party the unilateral right to arbitrate, is not enforceable (*Matter of Regeant of Shelby [Leumas Knitting Mills]*, 54 AD2d 667; *Hull Dye & Print Works v Riegel Textile Corp.*, 37 AD2d 946). In that regard, it should be noted that the cases relied upon by defendant (*Weiner v McGraw-Hill, Inc.*, 57 NY2d 458; *Matter of Waldron [Goddess]*, 93 AD2d 706, *revd on other grounds* 61 NY2d 181) do not hold to the contrary.

In *Matter of Waldron (supra)*, both parties were real estate brokers employed by the same firm who had agreed to submit to binding arbitration any dispute concerning their entitlement to brokerage commissions, except that the contract of one of the parties, ·Lynn Goddess, had expired. Yet, she nonetheless served a demand for arbitration upon Robert Waldron, and he commenced the subject proceeding. In the opinion of the Appellate Division, the clear intention of the employment agreements (both included substantially similar arbitration provisions) was that any dispute concerning commissions between the company and any employee or between employees be settled by arbitration. Therefore, although Goddess remained with the company as an employee at will after her contract had expired, the court found that the terms of

the prior agreement, even with respect to arbitration, continued in effect. Disagreeing with the view of the dissent that the parties could not be compelled to proceed to arbitration because of the absence of mutuality, the court concluded that "the enforceability of an agreement is dependent upon the existence of consideration, not mutuality of obligation. On this basis, an agreement is unenforceable only where want of mutuality would leave a party without valid or available consideration to support his promise" *(supra,* at 707). However, not only was there adequate consideration to support Waldron's agreement to arbitrate, the court determined, but his agreement also applied in the event of a dispute between employees whether or not such other employee(s) expressly agreed to submit to arbitrate. It was the employer's interest to avoid litigation wherever possible and to confer some benefit upon itself and its employees, and, moreover, the court stated, "the extension of the terms and conditions of Goddess' agreement, including the arbitration clause, beyond the stated expiration, creates the mutuality which the dissent finds lacking" *(supra,* at 708). Consequently, *Matter of Waldron (supra)* did not involve a situation where only one party was required to submit to arbitration, and that case did not hold that an agreement to arbitrate is binding despite the fact that the other contracting party could, at its option, either arbitrate or litigate a controversy.

Similarly, *Weiner v McGraw-Hill, Inc. (supra)* also does not support defendant's position. That matter did not deal with an arbitration clause at all, but, rather, with a claim for damages by plaintiff employee against his employer for wrongful termination. The Court of Appeals ruled that the breach of contract suit was not barred simply because plaintiff had been free under the agreement to quit his employment at will. As the court declared therein, "[s]uch a position proceeds on the oversimplified premise that, since the plaintiff was not bound to stay on, the agreement for his employment lacked 'mutuality', thus leaving the defendant free to terminate at its pleasure. But this would lead to the not uncommon analytical error of engaging in a search for 'mutuality', which is not always essential to a binding contract, rather than of seeking to determine the presence of consideration, which is a fundamental requisite" *(supra,* at 463-464). The foregoing general language, however, does not impair the validity of the authority finding unenforceable an arbitration clause which bestows upon one party, and one party alone, the right to compel arbitration *(Matter of Regeant of Shelby [Leumas Knitting*

*Mills], supra; Hull Dye & Print Works v Riegel Textile Corp., supra; see also, Matter of Riccardi [Modern Silver Linen Supply Co.],* 45 AD2d 191, *affd* 36 NY2d 945, wherein the Court of Appeals, in affirming the decision of the Appellate Division implicitly recognized the authority of *Hull Dye & Print Works v Riegel Textile Corp., supra,* by distinguishing the latter case, among others, from the one before it. According to the Court of Appeals therein, all the obligations and provisions in the matter before it were reciprocal, except for one restrictive covenant, whereas in the cases urged by petitioner, "the option to invoke arbitration as to the whole contract was vested in one party" *[supra,* at 946]). We have considered plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ross, Asch, Milonas and Kassal, JJ.