**WMX TECHNOLOGIES, INC.,
a Delaware Corporation,
Plaintiff,**

v.

**Durward W. JACKSON, a resident
of Alabama, Defendant.**

**Civil Action No. 95–A–92–N.**

United States District Court,
M.D. Alabama,
Northern Division.

July 3, 1996.

Peter S. Fruin, Montgomery, AL; James L. Priester, Birmingham, AL, for plaintiff.

Robert D. Segall, Lee H. Copeland, George W. Walker, Robert E. Gilpin, Montgomery, AL, for defendant.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, District Judge.

### I. INTRODUCTION

On January 20, 1995, WMX Technologies, Inc., ("Plaintiff") filed the present complaint against Durward W. Jackson ("Defendant"). As stated by separate order of the court entered on this day, this cause of action is properly before the court. Presently pending is the Plaintiff's Motion to Stay Proceedings and Compel Arbitration filed on March 15, 1995. The Court will also address the Motion to Dismiss filed by the Defendant insofar as it relies on the grounds of lack of mutuality. The Defendant opposes arbitration on the grounds that the agreement is unenforceable because the arbitration agreement lacks mutuality and the arbitration

agreement does not mandate that arbitration is the Plaintiff's sole remedy.[1]

## II. FACTS

On or about October 1, 1993, WMX, Jackson, and other corporations signed an acquisition agreement. By the terms of this agreement Jackson acquired stock in WMX in exchange for Jackson's stock and interest in various business operations, equipment, contracts, and real estate relating to the solid waste collection and disposal industry. In the acquisition agreement the Defendant agreed to indemnify Plaintiff against certain losses and for certain expenses relating to the acquisition by Plaintiff of Defendant's stock in the various corporations. The agreement also provided for indemnification running from the Plaintiff to the Defendant in certain circumstances.

The acquisition agreement also included an arbitration clause, which stated that "The parties hereto also agree to binding arbitration to resolve any issues arising out of this Agreement or the other Transaction Documents." Acquisition Agreement § 4.8(d). In September of 1994, Plaintiff made a demand for indemnification upon the Defendant for various losses totaling $3,595,107.27. Defendant has rejected the Plaintiff's claim for indemnification, made his own demand for indemnification, accused Plaintiff of engaging in bad faith and fraudulent acts, and demanded the right to defend the underlying claims for which Plaintiff was demanding indemnification.

## III. STANDARD OF REVIEW

■ A contract which contains an agreement to arbitrate disputes falls within the purview of the Federal Arbitration Act (FAA) if it involves either a maritime transaction or interstate commerce.[2] 9 U.S.C.A. § 2 (1991). Pursuant to the FAA, the district court, upon being "satisfied that the

issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action." Id. § 3. Moreover, a party who is aggrieved by an alleged failure to arbitrate can petition the district court to compel arbitration. Id. § 4. According to the United States Supreme Court, the FAA embodies a congressional declaration of a liberal federal policy in favor of arbitration. Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). Indeed, under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Id. at 24–25, 103 S.Ct. at 941.

■ However, section 4 of the FAA also requires that the court, prior to compelling arbitration, "[be] satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue.... If the making of the arbitration agreement ... be in issue, the court shall proceed summarily to the trial thereof." Id. Therefore, if the party resisting arbitration challenges the validity of the arbitration agreement, as opposed to the validity of the underlying contract, the court must proceed to adjudication of that issue.[3]

In Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), the United States Supreme Court held that a claim of fraud in the inducement of a contract which did not challenge the arbitration clause itself was subject to arbitration. Several courts have elaborated on Prima Paint and held that challenges to the validity of a contract which allege that the party never agreed to the contract or was subject to fraud in factum are questions for the court. Cancanon v. Smith Barney, Harris, Upham & Co., 805 F.2d 998 (11th Cir.1986); National R.R. Passenger Corp. v. Boston & Maine Corp., 850

1. Defendants also opposed arbitration on the grounds of standing and failure to join necessary parties. These grounds were addressed in the separate order of the court denying the Defendant's motion to dismiss.

2. Although it appears undisputed, the court holds that the contract clearly impacts interstate commerce and therefore falls within the ambit of the FAA.

3. Under a broadly phrased arbitration agreement challenges to the validity of the underlying contract are questions for the arbitrator, not the court.

F.2d 756 (D.C.Cir.1988). These cases reserve these questions for the court in order to preserve a judicial forum for a party who claims that the underlying contract was void. *See, e.g., Cancanon* 805 F.2d at 999–1000.

## IV. DISCUSSION

The Defendant's first ground for opposing the Plaintiff's motion is that the agreement to arbitrate does not provide that arbitration is to be the sole remedy available to the Plaintiff, and therefore the arbitration agreement is unenforceable. Defendant has cited no statute or case law requiring arbitration agreements to constitute the sole remedy available to the parties. Therefore, the court construes this argument as collapsing into Defendant's second assertion; that the arbitration agreement lacks mutuality of obligation.

■ Mutuality of obligation is properly viewed as an elaboration of the concept of consideration. *See Hill v. Rice,* 259 Ala. 587, 67 So.2d 789 (1953); *Sherrill v. Alabama Appliance Co.,* 240 Ala. 46, 197 So. 1 (1940) ("if there is other consideration, there need not be" mutuality of obligation); *Alabama City, G. & A. Ry. Co. v. Kyle,* 202 Ala. 552, 81 So. 54 (1918) ("[A] contract lacking in mutuality is unenforceable mainly because there is an absence of consideration moving from one party to the other."). Moreover, the doctrine of mutuality:

> [D]oes not mean equal rights under the contract, or that each party is entitled to the same rights or covenants under the contract. So long as there is a valuable consideration moving from one side to the other, or there are binding promises on the part of each party to the other, there is adequate consideration for a valid contract.

*Marcrum v. Embry,* 291 Ala. 400, 282 So.2d 49 (1973). Therefore, the court construes the defendant's assertion as an argument that consideration is lacking.

■ The question for the court to determine is whether this challenge is directed at the arbitration clause specifically or is a challenge to the validity of the contract itself. Defendant relies heavily on the Eleventh Circuit case of *Hull v. Norcom, Inc.,* 750 F.2d 1547 (11th Cir.1985), for the proposition that mutuality is required within the arbitration agreement in order for it to be valid. However, the Eleventh Circuit explicitly stated that:

> According to *New York* law, an arbitration agreement will not be enforced unless it is 'mutually binding,' and an agreement is not mutually binding where one party reserves the option to raise and resolve any and all disputes that it may have against the other party in a court of law rather than through arbitration.

*Hull,* 750 F.2d at 1549 (emphasis added). The Eleventh Circuit further found that under New York case law the consideration in the underlying contract was insufficient to support the enforcement of an arbitration agreement which is unilaterally binding. *Hull* 750 F.2d at 1550 (citing *Riccardi v. Modern Silver Linen Co., Inc.,* 45 A.D.2d 191, 356 N.Y.S.2d 872 (1974)).

Defendant in this case relies on the assertion that Alabama law regarding arbitration agreements is the same as New York law. The Alabama cases cited by Defendant do require mutuality, however, they state the proposition in broad terms applicable to contracts as a whole. *See Marcrum,* 282 So.2d 49; *Hill,* 67 So.2d 789. Defendant cites to no Alabama case law requiring mutuality in arbitration agreements contained within a larger contract or stating that arbitration agreements are severable from the contract as a whole.[4] Indeed, at least one court has found that the New York case law regarding mutuality in arbitration agreements is "unique to that state". *Willis Flooring, Inc., v. Howard S. Lease Constr. Co. & Associates,* 656 P.2d 1184, 1185 & fn. 5 (Alaska 1983) ("Consideration for the option clause was included in

---

4. Even accepting the Defendant's proposition, the court is satisfied that the obligations in the arbitration agreement do not lack mutuality. Accepting the Defendant's version of the contract as true, either party can compel arbitration with respect to indemnification claims running from the Defendant to the Plaintiff and neither can compel arbitration with respect to claims running from the Plaintiff to the Defendant. The problem present in *Hull,* allowing a party to unilaterally opt out of arbitration, is not present in this case.

the consideration for the entire transaction, just as consideration for every other clause was included."); *See also W.L. Jorden & Co., Inc. v. Blythe Industries, Inc.,* 702 F.Supp. 282, 284 (N.D.Ga.1988) (holding that under Georgia and North Carolina law "where the agreement to arbitrate is integrated into a larger unitary contract, the consideration for the contract as a whole covers the arbitration clause as well."). Defendant's contention therefore depends upon whether Alabama law allows for the severance of arbitration agreements from the underlying contract.

In *Village Inn Pancake House of Mobile v. Higdon,* 294 Ala. 378, 318 So.2d 245 (1975), the Supreme Court of Alabama addressed the issue of severability in the context of a covenant not to compete contained within a larger contract. Unlike the present case, the covenant not to compete was supported by independent consideration. In holding that the covenant was not severable, the court stated that "the divisibility of a contract depends on the intention of the parties as found from the apportionability of the contracts consideration, the subject matter and object of the entire contract, and any other pertinent facts surrounding its making at the time it was made." *Id.* 318 So.2d at 249. As stated earlier, the Defendant has cited no Alabama case law in support of his contention that the arbitration clause is severable and the court has not discovered any such authority. Given the particular circumstances of this case, the court finds that the contract was intended to be viewed in its entirety and the arbitration agreement was not intended to be severable. The Defendant's claim is therefore properly characterized as a challenge to the entire contract and not simply the arbitration agreement.

The Defendant's claim does not fall within the limited class of claims discussed in *Cancanon* and *National R.R.* and therefore does not require judicial determination. The question concerning mutuality is analogous to the claim before the Fifth Circuit in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 637 F.2d 391 (5th Cir.1981).[5] In *Merrill Lynch,* the court held that the plaintiff's claims that she signed a contract, which included an arbitration agreement, under duress, undue influence, confusion and coercion, were to be decided by an arbitrator since they went to the formation of the entire contract. As in *Merrill Lynch,* the question in this case is reserved for the arbitrator pursuant to the broadly phrased arbitration agreement. The arbitration agreement requires that any issues arising out of the Acquisition Agreement` be resolved by binding arbitration. All of the present claims clearly fall within this clause.

Therefore, the court ORDERS that the Defendant's motion to dismiss based on lack of mutuality is due to be and hereby is DENIED on the basis that it is a question for arbitration. The Plaintiff's motion to stay proceedings and to compel arbitration is due to be and hereby is GRANTED, and it ORDERED as follows:

1. The parties are DIRECTED to proceed to arbitration to resolve all issues arising out of the Acquisition Agreement or other Transaction Documents.

2. All proceedings in this case are STAYED until such arbitration has been had in accordance with the terms of the agreements.

---

5. Decisions of the Fifth Circuit prior to October 1, 1981 are binding in the Eleventh Circuit.

*Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1210 (11th Cir.1981).