

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00095-CV

**LEYENDECKER CONSTRUCTION, INC.**,
Appellant

v.

Elvia **BERLANGA**, Individually, and as Personal Representative of
the Estate of Vicente Berlanga, Jr., and Next Friend of Paulina Berlanga, a Minor,
Appellee

From the 293rd Judicial District Court, Maverick County, Texas
Trial Court No. 12-03-27240-MCV
Honorable Cynthia L. Muniz, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  August 7, 2013

REVERSED AND REMANDED

Leyendecker Construction, Inc. appeals from an interlocutory order denying its motion to compel arbitration. We reverse the trial court's order, and remand to the trial court for proceedings consistent with this opinion.

### BACKGROUND

In October 2011, Leyendecker entered into a construction contract with a painting subcontractor, Vicente Berlanga. The contract contained an arbitration clause. On March 6, 2012, Mr. Berlanga was involved in a fatal accident at a Leyendecker construction site, which was

located in Maverick County, Texas. On March 9, 2012, Mr. Berlanga's widow, Elvia Berlanga, filed a wrongful death lawsuit against Leyendecker in district court in Maverick County, Texas. On April 19, 2012, Leyendecker filed an answer and a motion to compel arbitration, asserting the parties had agreed to arbitration under the Texas Arbitration Act (TAA).[1] Berlanga filed a response, asserting the arbitration clause was unenforceable because it was not supported by consideration and was illusory. Additionally, Berlanga filed a supplemental response, asserting that the motion to compel should be denied because Leyendecker failed to invoke arbitration in accordance with the express terms of the arbitration clause. The trial court held a non-evidentiary hearing on the motion to compel arbitration, and subsequently signed an order denying the motion "because the arbitration provision is illusory and without consideration." Leyndecker instituted this appeal.

### WAS THE ARBITRATION CLAUSE WITHOUT CONSIDERATION AND ILLUSORY?

A party attempting to compel arbitration must first establish that the dispute in question falls within the scope of a valid arbitration agreement. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). If the court finds the existence of a valid arbitration agreement, the burden shifts to the party opposing arbitration to establish a defense to enforcing arbitration. *See id*. Under the TAA, a trial court shall order the parties to arbitrate on the application of any party showing: (1) an agreement to arbitrate; and (2) the opposing party's refusal to arbitrate. TEX. CIV. PRAC. & REM. CODE ANN. § 171.021(a) (West 2011).

Whether there is a valid and enforceable agreement to arbitrate is a legal question subject to de novo review. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009). In deciding whether a valid arbitration agreement exists, we apply ordinary state contract law principles.

---

[1] Leyendecker also filed a motion to transfer venue to Webb County, based on a venue provision in the contract. The motion was denied.

*Garcia v. Huerta*, 340 S.W.3d 864, 869 (Tex. App.—San Antonio 2011, pet. denied). Furthermore, once it has been determined that the parties are obligated to submit their dispute to arbitration, the question of whether an arbitration proponent has followed the procedures necessary to invoke an arbitration clause is ordinarily left to the arbitrator. *In re Weekley Homes*, 985 S.W.2d 111, 114 (Tex. App.—San Antonio 1998, no pet.) (concluding that whether or not the arbitration proponent's failure to perform a condition precedent released arbitration opponents from arbitration was a procedural question reserved for the arbitrator); *but see In re Pisces Foods, L.L.C.*, 228 S.W.3d 349, 354 (Tex. App.—Austin 2007, no pet.) (holding the trial court did not abuse its discretion by refusing to compel arbitration when an arbitration agreement expressly required mediation as a precondition for requesting arbitration, and there was no fact dispute regarding the failure to request mediation).

To be enforceable, arbitration agreements, like other contracts, must be supported by consideration. *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 676 (Tex. 2005). Consideration may take the form of mutual promises to submit a dispute to arbitration. *In re 24R, Inc.*, 324 S.W.3d 564, 566 (Tex. 2010). "A promise is illusory if it does not bind the promisor, such as when the promisor retains the option to discontinue performance." *Id*. at 567. When illusory promises are all that support a bilateral contract, there is no mutuality of obligation, and therefore, no enforceable contract. *Id*. In the context of stand-alone arbitration agreements, binding promises are required on both sides as they are the only consideration rendered to create a contract. *Id*. at 567 (citing *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex. 2005)). However, "when an arbitration clause is part of a larger, underlying contract, the remainder of the contract may suffice as consideration for the arbitration clause." *Palm Harbor*, 195 S.W.3d at 676. "[A]rbitration clauses generally do not require mutuality of obligation so long as adequate consideration supports the underlying contract." *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 233 (Tex. 2008).

The contract at issue in the present case contained the following arbitration clause:

> 3.5.2   All other disputes between the parties shall be resolved by litigation, in a court of competent jurisdiction, except that Leyendecker may, at its sole option, require that any dispute be submitted to arbitration as determined by Leyendecker and ordered by a sitting district judge in Webb County, Texas, before an arbitrator selected by the district judge who shall have 10 years['] experience in construction litigation in Webb County, Texas. The election by Leyendecker shall be made no later than thirty (30) days following receipt of service of process of any such litigation from Subcontractor or, if the claim asserted is by Leyendecker, shall be made upon the filing of a demand for arbitration by Leyendecker before any sitting district judge in Webb County, Texas. Notwithstanding the above, Leyendecker shall not be deemed to have waived any right it may have to arbitrate its dispute with Subcontractor by the filing of litigation against Subcontractor and its surety.

On appeal, Berlanga makes several arguments to support her contention that the above-cited arbitration clause was without consideration and illusory. Berlanga first argues the arbitration clause was illusory because it gave Leyendecker the sole option to require that a dispute be submitted to arbitration. The arbitration clause in this case, however, was part of a larger, underlying contract for work to be performed by Mr. Berlanga. In exchange for Mr. Berlanga's performance of the work, Leyendecker promised to pay Mr. Berlanga a sum of money. Thus, consideration, or the presence of mutual obligation, was provided by the underlying contract. *See Lyon*, 257 S.W.3d at 233 (recognizing that arbitration clauses do not require mutuality of obligation so long as adequate consideration supports the underlying contract); *Cleveland Const., Inc. v. Levco Const., Inc.*, 359 S.W.3d 843, 853-54 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd) (concluding arbitration clause was supported by consideration when it was part of an underlying contract despite the fact that arbitration was "at the option" of one party).

Berlanga acknowledges that when an arbitration clause is part of a larger, underlying contract, the underlying contract may suffice as consideration for the arbitration clause. Nevertheless, Berlanga argues this rule does not apply here because the larger, underlying contract allows Leyendecker to "unilaterally and without notice avoid arbitration altogether by amending,

changing, or terminating the arbitration [clause]." In support of this argument, Berlanga relies on

*Hull v. Norcom, Inc.*, 750 F.2d 1547 (11th Cir. 1985), and *Morrison v. Amway Corp.*, 517 F.3d

248 (5th Cir. 2008). *Hull* provides no guidance here because it applied New York contract law,

rather than Texas contract law. *See Hull*, 740 F.2d at 1550. And, although *Morrison* applied Texas

contract law, it is nevertheless distinguishable from the case before us. *See Morrison*, 517 F.3d at

257. In *Morrison*, the court refused to enforce an arbitration agreement that was added after a

dispute had arisen between the parties. There, the court held the arbitration agreement was illusory

and unenforceable because (1) it could be amended by one party, and (2) it had no "savings clause"

to preclude the application of such amendments to disputes that arose before the amendment. *Id*.

The contract in the present case, unlike the agreement in *Morrison*, does not provide that

Leyendecker can amend or terminate the arbitration clause. *See id*.

Berlanga directs our attention to two provisions in the underlying contract that she claims

could result in a unilateral amendment or change to, or a termination of, the arbitration clause.

First, Berlanga directs us to Article 4.1, titled "Changes in the Work," which states:

> 4.1     Leyendecker may, at any[]time, unilaterally or by agreement with
> Subcontractor, without notice to any surety, *make changes in the Work covered by
> this Subcontract*. Any unilateral order or agreement under this Article 4 shall be in
> writing. Subcontractor shall perform the Work as changed without delay.

(emphasis added). Second, Berlanga directs us to Article 10, titled "Termination for Convenience,"

which states:

> Leyendecker shall have the right to terminate for convenience
> *Subcontractor's performance of all or any part of the Work* by providing
> Subcontractor with a written notice of termination for convenience, to be effective
> upon receipt by Subcontractor. If there has been a termination of Leyendecker's
> Contract with the Owner, Subcontractor shall be paid the amount due from the
> Owner for its Work, as provided in the Contract Documents, after payment therefor
> by the Owner to Leyendecker. If Leyendecker's Contract has not been terminated,
> Subcontractor shall be paid the reasonable value of the Work performed by
> Subcontractor prior to termination plus reasonable direct close-out costs, including
> jobsite overhead and profit on Work performed, but in no event shall Subcontractor

> be entitled to unabsorbed overhead, anticipatory profit or damages of any kind or nature, direct or indirect, incidental or consequential. If no Work has been performed by Subcontractor at the time of termination, Subcontractor shall be paid the sum of $100.00 for its undertaking an obligation to perform.

(emphasis added). Berlanga maintains that the term, "the Work," as defined in the contract, encompasses the arbitration clause, and therefore, shows that Leyendecker could unilaterally avoid arbitration altogether by amending, changing, or terminating the arbitration clause. We disagree. Article 1.1.3 of the contract defines "[t]he Work" as follows:

> The Work of Subcontractor shall include the performing and furnishing by Subcontractor of all supervision, labor, materials, plant, scaffolding, hoisting, tools, equipment, supplies, and all other things necessary for the construction and completion of the Work, as described in its Subcontract, and all Work incidental thereto or reasonably inferable therefrom, in strict accordance and in full compliance with the terms of the Contract Documents.

According to the plain language of the contract, "the Work" does not include arbitration or the arbitration clause. Thus, we find Berlanga's arguments concerning Article 4.1 and Article 10 unconvincing.

Moreover, as a general rule, "an arbitration agreement contained within a contract survives the termination or repudiation of the contract as a whole." *Henry v. Gonzalez*, 18 S.W.3d 684, 690 (Tex. App.—San Antonio 2000, pet. dism'd); *see also In re Koch Indus., Inc.*, 49 S.W.3d 439, 445 (Tex. App.—San Antonio 2001, orig. proceeding [mand. denied]). We conclude the contract provisions cited by Berlanga do not allow Leyendecker to unilaterally avoid arbitration altogether by amending, changing, or terminating the arbitration clause.

Finally, Berlanga asserts that the above-cited "Termination for Convenience" clause effectively rendered Mr. Berlanga an at-will employee. According to Berlanga, the present case is therefore analogous to cases involving at-will employees and stand-alone arbitration agreements, which require mutual promises to arbitrate. *See 24R*, 324 S.W.3d at 566-68 (discussing illusory arbitration agreements in the context of at-will employment); *In re Halliburton*, 80 S.W.3d 566,

569-70 (Tex. 2002) (same). Again, we disagree. Mr. Berlanga was not an at-will employee, and therefore, the cases involving at-will employees and stand-alone arbitration agreements have no application here.

Berlanga's arguments that the arbitration clause was without consideration and illusory have no merit. We, therefore, conclude the trial court erred in denying the motion to compel on the basis that the arbitration clause was without consideration and illusory.

### ADDITIONAL ARGUMENT AGAINST ARBITRATION

Finally, Berlanga argues that, even if the arbitration clause in the parties' contract is enforceable, the trial court's order must still be affirmed because Leyendecker failed to invoke arbitration by filing its demand with a district court judge sitting in Webb County, Texas. We do not reach this argument. The trial court signed an order denying the motion to compel arbitration and gave one justification for its ruling. Because the trial court gave only one justification for its denial of the motion to compel arbitration, we limit our review to the reason expressly stated in the trial court's order. *See In re Zotec Partners, LLC*, 353 S.W.3d 533, 537 (Tex. App.—San Antonio 2011, no pet.) (holding the trial erred in denying a motion to dismiss, and deciding it was not necessary to review additional justifications for denying the motion to dismiss when the trial court stated only one justification in its order).

### CONCLUSION

Having concluding the trial court erred in denying Leyendecker's motion to compel arbitration on the basis that the arbitration clause was without consideration and illusory, we reverse the trial court's order denying the motion to compel arbitration, and remand this case to the trial court for proceedings consistent with this opinion.

Karen Angelini, Justice